BLANK ROME LLP
Attorneys for Plaintiffs
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
John D. Kimball
Jonas S. Zikas



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
In the Matter of the Complaint                        :
                                                      :
           of                                         :
                                                      :
MS "ANGELN" GMBH & CO. KG, and                        :
ANGELN SHIPPING COMPANY LTD.,                         :
as Owner and Bareboat Charterer of the                :
M/V ANGELN, for                                       :
Exoneration from or Limitation of Liability           :     **COMPLAINT**
                                                      :
------------------------------------------------------X



      Plaintiffs, by their attorneys BLANK ROME LLP, for their complaint seeking exoneration from or limitation of liability, allege upon information and belief as follows:

      1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    Plaintiff MS "ANGELN" GMBH & CO. KG ("Angeln KG") is a corporation organized and existing under the laws of Germany with its office and principal place of business in Hamburg, Germany. At all relevant times, it was the Owner of the M/V ANGELN (the "vessel").

1

3. Plaintiff ANGELN SHIPPING COMPANY LTD. ("Angeln Ltd.") is a corporation organized and existing under the laws of Antigua and Barbuda with its principal place of business in St. John's, Antigua and Barbuda. At all relevant times it was the bareboat charterer of the M/V ANGELN pursuant to a bareboat charter party dated March 29, 2006 between it and Angeln KG.

4. Angeln Ltd. subchartered the vessel to BERNUTH LINES LTD. ("Bernuth Lines") by a time charter dated December 22, 2008. The performance of Bernuth Lines under the charter was guaranteed by Bernuth Agencies, Inc. Upon information and belief, Bernuth Lines subchartered the vessel to MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC").

5. The M/V ANGELN was a container ship of 6,704 gross tons and 3,557 net tons, registered under the laws of Antigua and Barbuda. The M/V ANGELN was built in 2004, had a length overall of 132.55 meters, a breadth of 19.2 meters and a molded depth of 9.2 meters.

6. On or about February 16, 2010, the M/V ANGELN arrived at Port of Spain, Trinidad to discharge and load cargo. Discharge operations commenced and were completed on or about February 17, 2010.

7. Loading operations for voyage 54 commenced at Port of Spain, Trinidad on or about February 19, 2010 at about 0400, and were completed on or about February 20, 2010. At about 1800 on February 20, 2010, the M/V ANGELN departed for Vieux Fort, St. Lucia.

2

8. On or about February 21, 2010, the M/V ANGELN arrived at Vieux Fort, St. Lucia, whereupon discharge operations for a number of containers took place from about 0730 to 0836. Loading operations for additional containers commenced at about 1130 and were completed by about 2100 on the same day.

9. At about 2130 on February 21, 2010, the M/V ANGELN left Vieux Fort, St. Lucia bound for Barbados with the assistance of a pilot. The pilot disembarked the vessel at about 2150.

10. At about 2205 on February 21, 2010, the M/V ANGELN started to capsize. By about 2300, the crew had abandoned the vessel. Shortly thereafter, the vessel sank, rendering it and the cargo on board a total loss. There were no personal injuries or loss of life as a result of the sinking of the vessel.

11. The loss of the M/V ANGELN and its cargo was not due to any fault, neglect or want of care on the part of plaintiffs or the M/V ANGELN, or those for whose acts plaintiffs may be responsible.

12. If any faults caused or contributed to the aforesaid loss of the M/V ANGELN or its cargo, such faults were occasioned and occurred without the privity or knowledge of plaintiffs or any of their directors, officers, stockholders, or managing agents.

13. The value of the M/V ANGELN at the termination of the voyage was zero, since the vessel capsized and was a total loss. There was pending freight of approximately $8,300.00. Subject to an express reservation of rights, plaintiffs offer an interim stipulation of value in the amount of $8,300.00, which value is expected to be

substantially less than the amount which has been claimed for any losses or damages arising by reason of the collision.

14. As a consequence of the aforesaid events, claims have been made and proceedings have been initiated against plaintiffs and others by PS INTERNATIONAL LTD., and other owners of cargo carried aboard the M/V ANGELN, in the United States District Court for the Southern District of New York under docket number 10-Cv-1674 (GBD).

15. Plaintiffs are aware of numerous other demands or claims against them or the M/V ANGELN arising out of the aforesaid voyage, which plaintiffs expect will be brought, but the identity of the claimants and amounts of their claims have not yet been determined.

16. Plaintiffs are further advised by MSC and BERNUTH LINES of substantial additional cargo loss claims totaling about $30 million, but the identity of the claimants and amounts of their claims have not yet been determined.

17. This complaint is filed within six (6) months after plaintiffs received the first written notice of claim from any claimant.

18. Plaintiffs claim exoneration from liability for any and all losses or damage sustained during the voyage aforesaid and from any and all claims for damages that have been or may hereafter be made, and plaintiffs allege that they have valid defenses thereto on the facts and the law.

19. Plaintiffs further claim the benefits of limitation of liability provided by 46 U.S.C. §§ 30501 et seq. (formerly 46 U.S.C. §§ 183 et seq.) and the various statutes

642190.00602/6924605v.1

supplementary thereto and amendatory thereof, and to that end plaintiffs are ready and willing to give a stipulation with sufficient surety for the payment into Court of the value of their interest in the M/V ANGELN and its pending freight, as provided for by the aforesaid statutes and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

20. Certain claims against plaintiffs as a result of the sinking may be governed by contracts providing for arbitration and the filing of this Complaint shall not be deemed a waiver of plaintiffs' right to arbitration.

WHEREFORE, plaintiffs pray:

(a) That this Court make an order as provided in Rule F (1) directing plaintiffs to file an interim stipulation to be approved by the Court for providing suitable security or, alternatively, for the payment into Court for the benefit of claimants of the value of plaintiffs' interest in the M/V ANGELN at the end of the voyage aforesaid with interest at the rate of 6 percent per annum from the date of said security, or whenever the Court shall so order.

(b) That this Court make an order directing the issuance of a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on plaintiffs' attorneys a copy thereof on or before a date to be named in the notice.

(c) That this Court issue an order enjoining the commencement of or further prosecution of any claims or causes of action against plaintiffs except in this action.

642190.00602/6924605v.1

(d)   That this Court in this proceeding adjudge that plaintiffs are not liable for any loss or damage arising out of the aforesaid voyage; or, if plaintiffs shall be adjudged liable, that such liability be limited to the value of their interest in the M/V ANGELN and its pending freight as aforesaid at the end of this voyage, and that plaintiffs be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid as aforesaid, be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claims, reserving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging plaintiffs from all further liability.

(e)   That plaintiffs may have such other and further relief as the justice of the cause may require.

Dated:   New York, New York
         June 21, 2010

                                    BLANK ROME LLP

                                    */s/ John D. Kimball*
                                    John D. Kimball
                                    Attorneys for Plaintiffs
                                    405 Lexington Avenue
                                    New York, New York 10174-0208
                                    (212) 885-5000

6

642190.00602/6924605v.1

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

John D. Kimball, being duly sworn, deposes and says:

I am a member of the firm of Blank Rome LLP, attorneys for plaintiffs MS "ANGELN" GMBH & CO. KG and ANGELN SHIPPING COMPANY LTD. herein; I have read the foregoing Complaint and know the contents thereof; and that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The sources of my information and the grounds for my belief as to those matters stated in the Complaint to be alleged on information and belief are documents and records in files provided by plaintiffs and statements made by plaintiffs.

The reason this Verification is made by deponent and not by plaintiffs is that plaintiffs are foreign entities, none of whose officers are within this district.

_____
John D. Kimball

Sworn to before me this
21st day of June 2010.

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov 30, 2013

7

642190.00602/6924605v.1