FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, NY 10005
(212) 425-1900 (T) (212) 425-1901 (F)
Peter J. Gutowski
Gina M. Venezia
*Attorneys for Bernuth Lines, Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Complaint of

MS "ANGELN" GMBH & CO. KG, and
ANGELN SHIPPING COMPANY LTD., as
Owner and Bareboat Charterer of the MV
ANGELN, for Exoneration from or Limitation of
Liability

Catlin Insurance Company (UK) Limited,
    Claimant/Third-Party Plaintiff

v.

Bernuth Lines Ltd.,
    Third-Party Defendant/
    Fourth-Party Plaintiff

v.

Brise Bereederungs GmbH & Co. KG,
    Fourth-Party Defendant

**ECF CASE**

10 Civ. 4820 (GBD)

**BERNUTH LINE'S AMENDED
FOURTH-PARTY COMPLAINT
AGAINST BRISE**

Claimant/Defendant-in-Counterclaim Bernuth Lines Ltd. ("Bernuth Lines"), as and for its

Amended Fourth-Party Complaint against Brise Bereederungs GmbH & Co. KG ("Brise") to

correct the spelling of Brise's name, alleges as follows:

365433.2

## JURISDICTION

1.      This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S.C. §1333.

2.      Supplemental jurisdiction for this Amended Fourth-Party Complaint also exists under 28 U.S.C. §1367 because this Amended Fourth-Party Complaint is so related to the claims asserted in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      This Amended Fourth-Party Complaint is filed pursuant to Rules 14(a), 14(c), and 18 of the Federal Rules of Civil Procedure.

## THE PARTIES

4.      At all times material hereto, Bernuth was and still is a Panamanian business entity and a common carrier of goods by water for hire engaged in the transportation of goods by water between ports in the world, including carriage between the Caribbean and the United States.

5.      Upon information and belief, Fourth-Party Defendant Brise was and still is a foreign business entity with an office and place of business at Schaarsteinwegsbrücke 2, 20459 Hamburg, Germany.

6.      Brise is (a) a nautical and technical vessel management company which manages a fleet of vessels (including the M/V ANGELN) that engage in worldwide trade, which, upon information and belief, includes to and from ports in the United States, and (b) subject to the jurisdiction of this Court.

## UNDERLYING FACTS

7.     At all times material hereto, Bernuth Lines was the charterer of the M/V ANGELN (the "Vessel") pursuant to a time charter party dated December 22, 2008, between itself and Angeln Shipping Company Ltd. ("Angeln Shipping"), as disponent owner (hereinafter "the Time Charter").

8.     At all times material hereto, Brise was the manager of the M/V ANGELN on behalf of her owners and was responsible for the crewing and technical management of the Vessel.

9.     Under the Time Charter, the Vessel was operated in a Caribbean/US cargo carrying service where cargo would be loaded and discharged at various ports in rotation.

10.     On or about February 21, 2010, and while operating under the Time Charter, the M/V ANGELN called at the port of Vieux Forte, St. Lucia, for the purpose of discharging cargo bound for St. Lucia, loading other cargo, and thereafter transporting the cargo loaded at St. Lucia as well as at prior ports to other ports under Bernuth bills of lading and bills of lading issued by others.

11.     The decisions regarding the stowage and placement of the cargo, including the cargo loaded at St. Lucia as well as the cargo loaded at the prior ports of call, were made by the officers of the M/V ANGELN and/or the Plaintiffs in the captioned matter or others acting on their behalf, including but not limited to Brise (hereinafter collectively referred to as "the Vessel's Command").

12.     Loading operations were concluded on February 21, 2010, after which the vessel sailed from St. Lucia bound for Barbados.

13.     Shortly before departure from St. Lucia, certain members of the crew of the Vessel expressed concern about bad stowage decisions having been made by the Vessel's Command, particularly in respect to the positioning of the containers.

14.     As a consequence of the concerns as aforesaid, certain members of the Vessel's crew walked off the Vessel, concerned for their safety if the ship sailed in the laden condition as configured by the Vessel's Command.

15.     The Master of the Vessel ordered the crewmen, who had walked off the Vessel, to return and to sail with the Vessel upon the completion of loading operations.

16.     The crew, after consultation among themselves, returned to the Vessel in accordance with the Master's orders.

17.     The Vessel departed shortly thereafter, at approximately 2130 hours on February 21, 2010.

18.     The crew, or several of them, presented themselves to the Master and/or other Vessel officers and requested access to the Vessel's safe or strong box so as to retrieve their passports and/or other crew papers.

19.     The Master or other Vessel officers allowed the crew access to their passports and/or other seaman's papers.

20.     Several members of the crew of the Vessel also packed their personal belongings.

21.     At the time of the Vessel's departure, the weather and sea conditions in St. Lucia were calm.

22.     Within minutes of departure from St. Lucia, and shortly after the local pilot left the Vessel, the Vessel started to capsize in calm weather and sea conditions, and later sank (hereinafter the "sinking").

23.    The crew members, several with their passports and/or seaman's papers and an assortment of personal effects, entered the water and were rescued shortly after the vessel started to sink.

24.    At the time of sailing from St. Lucia, the M/V ANGELN was laden with and in possession of cargo, consisting primarily of containerized shipments, all of which was lost and/or rendered a constructive total loss as a consequence of the sinking of the M/V ANGELN.

### FIRST CAUSE OF ACTION:
### CONTRIBUTION OR INDEMNITY FOR CATLIN'S CLAIM

25.    Bernuth Lines repeats and realleges each and every allegation set forth above in paragraphs 1 through 24 with the same force and effect as if repeated herein in their entirety.

26.    Catlin Insurance Company ("Catlin") has filed a Third-Party Complaint against Bernuth Lines, seeking recovery of damages from Bernuth Lines related to the capsizing and sinking of the M/V ANGELN.    Attached hereto as Exhibit A is a copy of Catlin's Third-Party Complaint, and attached hereto as Exhibit B is a copy of Bernuth Lines' Answer to the Third-Party Complaint.

27.    The said capsizing and sinking and resulting losses and damage were caused by the acts, omissions, fault, and/or neglect of Brise, their agents and/or servants including but not limited to the failure to train the vessel crew properly, inadequately equipping the vessel for ensuring stability, failing to maintain the vessel's equipment, failing to manage the vessel properly, and/or breach of duties under the general maritime law.

28.    Therefore, if Bernuth Lines is liable to Catlin, whether by judgment or settlement, then Bernuth Lines is entitled to indemnity and/or contribution (whether in tort, contract or implied) from Brise, including recovery of attorneys' fees and costs incurred by Bernuth Lines in defending against the claim lodged by Catlin.

## SECOND CAUSE OF ACTION:
## CONTRIBUTION OR INDEMNITY FOR OTHER CLAIMS

29.     Bernuth Lines repeats and realleges each and every allegation set forth above in paragraphs 1 through 28 with the same force and effect as if repeated herein in their entirety.

30.     Certain claimants (in addition to Catlin herein) have claimed or will claim against Bernuth Lines for loss and damage allegedly sustained as a result of the capsizing and sinking of the M/V ANGELN and have advised that they intend to hold Bernuth Lines liable for any and all such loss and damage, all liability for which Bernuth Lines denies.

31.     The said capsizing and sinking and resulting losses and damage were caused by the acts, omissions, fault, and/or neglect of Brise, their agents and/or servants including but not limited to the failure to train the vessel crew properly, inadequately equipping the vessel for ensuring stability, failing to maintain the vessel's equipment, failing to manage the vessel properly, and/or breach of duties under the general maritime law.

32.     Therefore, if Bernuth Lines is liable to the aforesaid claimants, whether by judgment or settlement, then Bernuth Lines is entitled to indemnity and/or contribution (whether in tort, contract or implied) from Brise, including recovery of attorneys' fees and costs incurred by Bernuth Lines in defending against the claims lodged by these claimants.

## THIRD CAUSE OF ACTION:
## RECOVERY FOR BERNUTH LINE'S DAMAGES

33.     Bernuth Lines repeats and realleges each and every allegation set forth above in paragraphs 1 through 32 with the same force and effect as if repeated herein in their entirety.

34.     As a result of the sinking, Bernuth Lines has sustained damages and losses which, as nearly as can be determined and computed, have or will include lost profits as a consequence of the sinking, not yet quantified; bunkers onboard at the time of the sinking estimated at

$67,960.97; and additional losses occasioned by the sinking including but not limited to agency fees, owner's expenses, substitute tonnage, repositioning expenses, port charges, management expenses, etc., presently estimated at $86,777.82 but subject to amendment;

35.   The said losses and expenses incurred by Bernuth Lines were caused by the acts, omissions, fault, and/or neglect of Brise, their agents and/or servants including but not limited to the failure to train the vessel crew properly, inadequately equipping the vessel for ensuring stability, failing to maintain the vessel's equipment, failing to manage the vessel properly, and/or breach of duties under the general maritime law.

36.   As a result, Bernuth Lines is entitled to recover from Brise for all losses and damages incurred, which, as presently estimated, are in an amount in excess of $150,000 (in addition to the claims for contribution or indemnity as outlined above).

WHEREFORE, Bernuth Lines respectfully prays for the following:

(a)   Process in due form of law may issue against Brise Bereederungs GmbH & Co. KG citing it to appear and answer the matters set forth above and in the Third-Party Claim of Catlin Insurance Company, pursuant to Federal Rule of Civil Procedure 14(a) and 14(c), failing which a default will be entered against them;

(b)   Judgment be granted in favor of Catlin Insurance directly against Brise pursuant to Rule 14(c) of the Federal Rules of Civil Procedure for the matters and things alleged in the Third-Party Complaint, should they prove entitlement to recovery, and Bernuth Lines be granted indemnity and/or contribution from Brise for any and all amounts which Bernuth Lines may be found liable to Catlin Insurance, plus costs and attorneys' fees incurred in this action;

(c)   Judgment be granted in favor of Bernuth Lines on its Second and Third Causes of Action;

       (d)     Bernuth Lines be awarded all of its costs and attorneys' fees in connection with the filing and prosecution of the Amended Fourth-Party Complaint; and

       (d)     That Bernuth Lines have such other and further relief as may be deemed just and proper.

Dated: New York, New York
       April 18, 2011

                     FREEHILL HOGAN & MAHAR LLP
                     Attorneys for Bernuth Lines and Bernuth Agencies
                     BY: _____
                     Peter J. Gutowski
                     Gina M. Venezia
                     80 Pine Street
                     New York, New York 10005
                     Tel: (212) 425-1900 / Fax: (212) 425-1901

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 18, 2011, I filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA ECF AND/OR EMAIL**

John D. Kimball (JKimball@BlankRome.com)
Blank Rome
405 Lexington Avenue
New York, New York 10174-0208
*Attorneys for Petitioners*

Thomas Grasso (tmg@caseybarnett.com)
Casey & Barnett, LLC
65 West 36th Street - 9th Floor
New York, New York 10018
*Attorneys for Catlin Insurance*

Linda Strauss (lstrauss@coughlinduffy.com)
Coughlin Duffy, LLP
Wall Street Plaza
88 Pine Street, 5th Floor
New York, New York 10005
*Attorneys for United Insurance*

Edward Radzik (ecradzik@mdwcg.com)
James Ruddy (jjruddy@mdwcg.com)
Lori Quinn (ljguinn@mdwcg.com)
Marshall, Dennehey
88 Pine Street, 21st. Floor
New York, New York 10005-1801
*Attorneys for PS International Ltd. et al.*

John Orzel (jorzel@cmk.com)
Carroll McNulty Kull, LLC
570 Lexington Avenue, 10th Floor
New York, New York 10022
*Attorneys for Panapina, Inc.*

Pat Crilley (lawyerny@erols.com)
233 Broadway, Suite 2202
New York, New York 10279
*Attorney for Mitsui O.S.K. Lines, Ltd.*

Keith Dalen (kdalen@hillrivkins.com)
John Sullivan (jsullivan@hillrivkins.com)
Hill Rivkins, LLP
45 Broadway, Suite 1500
New York, New York 10006
*Attorneys for Various Cargo Interests*

Kirk Lyons (klyons@lyons-flood.com)
Edward Flood (eflood@lyons-flood.com)
Lyons & Flood, LLP
65 West 36th Street - 7th Floor
New York, New York 10018
*Attorneys for MSC*

George Chalos (gmc@chaloslaw.com)
Katherine Christodoulatos
(kchristodoulatos@chaloslaw.com)
Chalos & Co.
123 South Street
Oyster Bay, New York 11771
*Attorneys for St. Lucia Air and Sea Ports Authority*

Gina M. Venezia

# EXHIBIT A

Thomas M. Grasso
Martin F. Casey
**CASEY & BARNETT LLC**
65 West 36th Street, Fl. 9
New York, New York 10018
(212) 286-0225
Attorneys for Claimant / Defendant

RECEIVED
OCT 19 2010
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN THE MATTER OF THE COMPLAINT,

     of

MS "ANGELN" GMBH & CO. KG, and , as Owner
and Bareboat Charterer of the M/V ANGELN, for
Exoneration from or Limitation of Liability,

     Plaintiffs/Petitioners.

-------------------------------------------------------------X

Catlin Insurance Company (UK) Limited,

     Claimant / Third-party plaintiff,

v.

Bernuth Lines Ltd.,

     Third-party defendant.

-------------------------------------------------------------X

10 CV 4820 (GBD)

ECF CASE

**THIRD-PARTY COMPLAINT BY
CATLIN INSURANCE COMPANY
(UK) LTD AGAINST BERNUTH
LINES LTD**

     Catlin Insurance Company (UK) Limited (hereinafter "Catlin"), by its attorneys

Casey & Barnett LLC, hereby alleges for its Third-Party Complaint against Bernuth Lines, Ltd.

("Bernuth") upon information and belief.

     1. This is an Admiralty and Maritime Claim pursuant to Rule 9(h) of the Federal

Rules of Civil Procedure.

1

2. Claimant / Defendant Catlin Insurance Company (UK) Limited ("Catlin") is a foreign corporation with a business office located at 3 Minster Court, Minster Lane, London EC3R 7DD United Kingdom.

3. Catlin is the subrogated insurer to Gafsons International Ltd., the owner and/or consignee of a cargo of three (3) containers of DC STC 294 DR RC Bitumen of a total weight of 24,543 kilograms ("the Cargo").

4. Catlin submits this claim on its own behalf and as agent and/or trustee on behalf on behalf of all those having an interest in the Cargo.

5. Bernuth is a non-vessel operating common carrier of goods by ocean for hire with an office and place of business care of Bernuth Agencies, Inc. 32-01 N.W. 24th Street, Miami, Florida.

6. As a common carrier of goods for hire, Bernuth had non-delegable duties to load, stow, carry, transport, keep, care for, discharge and deliver the Cargo in the same condition as when received and accepted.

7. On or about February 19, 2010, the Cargo was loaded and stowed in good order and condition on board the vessel M/V "ANGELN" at Port of Spain, Trinidad.

8. Bernuth accepted the Cargo in good order and condition and undertook to load, stow, carry, transport, keep, care for, discharge and deliver the Cargo in the same condition as when received and accepted, in consideration of certain agreed freight charges.

9. Bernuth issued Bill of Lading no. POSAGL054GUY001 dated February 19, 2010 to Catlin's subrogor in consideration of certain agreed freight charges.

2

10. On or about February 21, 2010, the vessel M/V ANGELN capsized and sank shortly after departing Vieux Forth, St. Lucia, laden with all three containers and Cargo contained therein, consequently rendering the Cargo a total loss.

11. As a direct and proximate result of the sinking of the vessel M/V ANGELN, Bernuth did not deliver the Cargo in according with the terms and conditions of the Bill of Lading, and beached its duties as a common carrier of goods for hire.

12. As a direct and proximate result of the sinking of the vessel M/V ANGELN, Bernuth failed to deliver the Cargo in good order and condition, and failed to load, stow, carry, transport, keep, care for, discharge and deliver the Cargo in the condition as that when received, in breach of its duties as a carrier and in breach of the Bill of Lading.

13. The damages suffered by this Catlin and its subrogor were due to the negligence, design, neglect and failure to maintain the vessel M/V ANGELN in a seaworthy condition, failure to exercise due diligence at the commencement of the voyage, and other acts and/or omissions to act of the Bernuth, the Vessel, its crew, agents, servants and employees and others for whom the Plaintiffs were responsible, and the unseaworthiness of the vessel M/V ANGELN, all said acts and/or conditions having been created or occurring within the privity and knowledge of Bernuth.

14. By reason of and as a direct and proximate result of these premises, the Third-party plaintiff has sustained damages in the aggregate amount of $46,560 or nearly as the same can at present be estimated, no part of which has been paid although duly demanded.

15. Pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, Bernuth may be wholly or partly liable for remedy over, contribution or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences underlying this third-party action

and, as such, must defend against the plaintiff's claim as well as the third-party plaintiff's claim, and shall proceed as if the plaintiff had sued both the third-party defendant and the third-party plaintiff..

WHEREFORE Claimant / Third-party plaintiff Catlin demands judgment in its favor and against Third-party defendant Bernuth in the amount of $46,560, plus pre-judgment interest, costs, attorneys fees, and such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
       October 15, 2010
       Our file: 228-75

CASEY & BARNETT LLC
Attorneys for Catlin Insurance Co. (UK) Ltd.

By: _____
Thomas M. Grasso
65 W. 36th St., 9th Floor
New York, New York 10018
Tel: (212) 286-0225
Fax: (212) 286-0261
Email: tmg@caseybarnett.com

4

# EXHIBIT B

75-10/PJG
FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, NY  10005
(212) 425-1900 (T) (212) 425-1901 (F)
Peter J. Gutowski
Gina M. Venezia
*Attorneys for Bernuth Lines, Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Complaint of | **ECF CASE** |
| MS "ANGELN" GMBH & CO. KG, and ANGELN SHIPPING COMPANY LTD., as Owner and Bareboat Charterer of the MN ANGELN, for Exoneration from or Limitation of Liability | 10 Civ. 4820 (GBD)<br><br>**BERNUTH LINE'S ANSWER TO THIRD-PARTY COMPLAINT OF CATLIN INSURANCE** |

Bernuth Lines Ltd. ("Bernuth Lines"), answering the Third-Party Complaint of Catlin

Insurance Company (ECF No. 32), alleges as follows:

1.      Admit that this is case within the admiralty or maritime claim within the meaning

of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime

jurisdiction of the United States and of this Honorable Court.

2.      Deny knowledge or information sufficient to form a belief with respect to the

allegations of paragraph 2.

3.      Deny knowledge or information sufficient to form a belief with respect to the

allegations of paragraph 3.

4.      Deny knowledge or information sufficient to form a belief with respect to the

allegations of paragraph 4.

5.      Admit.

365379.1                                                  1

Case 1:10-cv-04820-GBD   Document 96   Filed 02/25/11   Page 2 of 6

6.    The allegations of paragraph 6 seek a legal conclusion as to the interpretation of the contract of carriage, and thus, a response is not required.  To the extent a response may be required, Bernuth Lines denies the allegations of paragraph 6 of the Third-Party Complaint.

7.    Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 7.

8.    Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 8 pertaining to the condition of the cargo, and admit only that Bernuth Lines received a sealed container said to contain "294 DR RC Bitumen" for carriage from Trinidad to Guayana, in consideration of agreed freight charges.

9.    Admit that Bernuth Lines issued the referenced bill of lading, but deny knowledge or information sufficient to form a belief with respect to the remaining allegations of paragraph 9.

10.   Admit.

11.   Denied.

12.   Denied.

13.   The allegations of paragraph 13 are denied insofar as they pertain to the alleged fault, acts or omissions of Bernuth Lines or the alleged privity and knowledge of Bernuth Lines.

14.   Deny knowledge or information sufficient to form a belief with respect to the allegations of paragraph 14.

15.   Denied.

16.   Bernuth Lines denies all allegations of Catlin Insurance's Third-Party Complaint not heretofore specifically admitted.

17.   Bernuth Lines denies the allegations of Catlin Insurance's prayer.

## AFFIRMATIVE DEFENSES

1.     The Third-Party Complaint fails to state a claim against Bernuth Lines upon which relief can be granted.

2.     Catlin Insurance is not the real party in interest or proper plaintiff to assert the claims in the Third-Party Complaint.

3.     The cargo shipped on the subject vessel and described in the Third-Party Complaint was received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs, charters, and/or service contracts by which the shipper, owner, consignee and holders of said bills of lading, and their subrogated underwriters, are bound. Any loss, damage or shortage to the cargo, which is denied, was due to a cause or causes for which Bernuth Lines is not liable, by virtue of the terms of any such applicable dock receipts, bills of lading, tariffs, charters, and/or service contracts and Bernuth Lines is entitled to any and all defenses and rights provided for in same.

4.     The cargo shipped on the subject vessel and described in the Third-Party Complaint was received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA"), Act, ch. 229, 49 Stat. 1207 (1936), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to this carriage and/or the General Maritime Law and/or foreign law.  If any loss, damage or shortage resulted to the goods, which is denied, it was due to a cause or causes for which Bernuth Lines is not liable, by virtue of the terms of the aforementioned law and/or legislation.

5.      Any loss or damage as alleged in the Third-Party Complaint was caused by or contributed to by Plaintiffs, their agents and/or other third-parties (including Third-Party Plaintiff's subrogor), and not by Bernuth Lines.

6.      Any liability of Bernuth Lines, if any and which is specifically denied, is limited by the applicable dock receipts, bills of lading, tariffs, charters, service contract, and/or the Carriage of Goods by Sea Act or other governing legislation (U.S. and/or foreign) to $500 per package or, for goods not shipped in packages, $500 per customary freight unit, or in the alternative, on some other basis provided by the applicable law.

7.      Any loss or damage as alleged in the Third-Party Complaint, which is denied, arose without Bernuth Lines' actual fault or privity, and and therefore, Bernuth Lines cannot have any liability for such loss or damage.

8.      Third-Party Plaintiff Catlin Insurance, or its subrogor, failed to mitigate their damages, if any.

9.      Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Bernuth Lines gives notice of, and reserves their right, to rely on foreign law to the extent it may be applicable.

10.     Bernuth Lines reserves the right to amend this answer if and once additional information is obtained through discovery.

WHEREFORE, Bernuth Lines respectfully prays that the Third-Party Complaint be dismissed with prejudice and that Bernuth Lines have such other and further relief as may be deemed just and proper.

365379.1                                          4

FREEHILL HOGAN & MAHAR LLP
Attorneys for Bernuth Lines
BY:     /s/ Peter J. Gutowski
Peter J. Gutowski
Gina M. Venezia
80 Pine Street
New York, New York 10005
Tel: (212) 425-1900 / Fax: (212) 425-1901

## CERTIFICATE OF SERVICE

     I hereby certify that on February 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

### VIA ECF AND/OR EMAIL

John D. Kimball (JKimball@BlankRome.com)
Blank Rome
405 Lexington Avenue
New York, New York 10174-0208
*Attorneys for Petitioners*

Linda Strauss (lstrauss@coughlinduffy.com)
Coughlin Duffy, LLP
Wall Street Plaza
88 Pine Street, 5th Floor
New York, New York 10005
*Attorneys for United Insurance*

John Orzel (jorzel@cmk.com)
Carroll McNulty Kull, LLC
570 Lexington Avenue, 10th Floor
New York, New York 10022
*Attorneys for Panapina, Inc.*
Keith Dalen (kdalen@hillrivkins.com)
John Sullivan (jsullivan@hillrivkins.com)
Hill Rivkins, LLP
45 Broadway, Suite 1500
New York, New York 10006
*Attorneys for Various Cargo Interests*

George Chalos (gmc@chaloslaw.com)
Katherine Christodoulatos
(kchristodoulatos@chaloslaw.com)
Chalos & Co.
123 South Street
Oyster Bay, New York 11771
*Attorneys for St. Lucia Air and Sea Ports Authority*

Thomas Grasso (tmg@caseybarnett.com)
Casey & Barnett, LLC
65 West 36th Street - 9th Floor
New York, New York 10018
*Attorneys for Catlin Insurance*

Edward Radzik (ecradzik@mdwcg.com)
James Ruddy (jjruddy@mdwcg.com)
Lori Quinn (ljguinn@mdwcg.com)
Marshall, Dennehey, Warner, Coleman & Goggin
Wall Street Plaza
88 Pine Street, 21st. Floor
New York, New York 10005-1801
*Attorneys for PS International Ltd. et al.*

Pat Crilley (lawyerny@erols.com)
233 Broadway, Suite 2202
New York, New York 10279
*Attorney for Mitsui O.S.K. Lines, Ltd.*

Kirk Lyons (klyons@lyons-flood.com)
Edward Flood (eflood@lyons-flood.com)
Lyons & Flood, LLP
65 West 36th Street - 7th Floor
New York, New York 10018
*Attorneys for MSC*

 

     /s/ Peter J. Gutowski
     Peter J. Gutowski

365379.1