**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| In the Matter of the Complaint of | ORDER |
| MS "ANGELN" GMBH & CO. KG, and ANGELN SHIPPING COMPANY LTD., as Owner and Bareboat Charterer of the MV ANGELN, For Exoneration from or Limitation of Liability | 10 Civ. 4820 (GBD) |
| Catlin Insurance Company (UK) Limited, Claimant / Third-Party Plaintiff | |
| v. | |
| Bernuth Lines Ltd., Third-Party Defendant/ Fourth-Party Plaintiff | |
| v. | |
| Brise Bereederungs GmBH & CO. KG, Fourth-Party Defendant | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GEORGE B. DANIELS, District Judge:

On March 28, 2012, this Court entered an Order dismissing Fourth-Party Defendant Brise Bereederungs GmBH & CO KG ("Brise") for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and denying Third-Party Defendant and Fourth Party Plaintiff Bernuth Lines Ltd.'s ("Bernuth") motion for jurisdictional discovery. By letter application, Bernuth now requests the entry of judgment pursuant to Fed. R. Civ. P. 58(b) and (d) and entry of final judgment pursuant to Fed. R. Civ. P. 54(b) dismissing Brise.

There is no just reason to delay the entry of final judgment dismissing Brise pursuant to Federal Rule of Civil Procedure 54(b). MS Angeln GmBH & CO KG filed this action to claim the benefit of exoneration from or limitation of liability pursuant the United States admiralty and maritime laws, for any and all losses, damages, and injuries incurred during or arising out of the M/V Angeln's voyage

commencing on or about February 19, 2010 from Port of Spain, Trinidad, as described in the complaint. Thereafter, this Court entered an order admonishing all parties asserting claims with respect that voyage to file such claims with the Clerk of this Court. The Court further stayed and/or enjoined the prosecution of any and all suits, actions or proceedings of any nature or description against plaintiffs in this action, and or against the M/V Angeln in any jurisdiction, except in this proceeding, until the hearing and determination of this proceeding.

Given that Bernuth's claims against Brise arise directly out the activities at issue in Plaintiff's Complaint, entry of final judgment with respect to Brise will conserve judicial resources by permitting final review of this Court's jurisdictional ruling, such that all claims could still be brought during a consolidated trial of all the claims at issue in this case. Certification of this Court's jurisdictional ruling as to Brise would substantially advance the progress of this suit, ensuring that all proper parties are involved in the case for final resolution, and would not result in unnecessary appellate review. It therefore would serve the interests of sound judicial administration.

Accordingly, it is ORDERED that this Court's dismissal of Brise in the Court's Order of March 28, 2012 is certified as final pursuant to Federal Rule of Civil Procedure 54(b). The Clerk of the Court is directed to prepare and enter a final judgment.

Dated: June 26, 2012
      New York, New York

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge