12-1773-cv
Bernuth v. Brise

N.Y.S.D. Case #
10-cv-4820(GBD)

MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

Present:    RALPH K. WINTER,
            ROSEMARY S. POOLER,
            DENNY CHIN,
                        *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED: March 01, 2013

_____

IN THE MATTER OF THE COMPLAINT OF MS "ANGELN"

GMBH & CO. KG, AND ANGELN SHIPPING COMPANY LTD.,

AS OWNER AND BAREBOAT CHARTERER OF THE M/V ANGELN,

FOR EXONERATION FROM OR LIMITATION OF LIABILITY
_____

CATLIN INSURANCE COMPANY (UK) LIMITED,

                *Third-Party Plaintiff*,

            -v-                                         12-1773-cv

BERNUTH LINES LTD.,

                *Third-Party Defendant-Fourth-Party Plaintiff-Appellant*,

            -v-

BRISE BEREEDERUNGS GMBH & CO. KG,

                *Fourth-Party Defendant-Appellee.*
_____

| | |
|---|---|
| Appearing for Appellant: | Peter J. Gutowski, Gina M. Venezia, Eric J. Matheson, Freehill Hogan & Mahar LLP, New York, NY |
| Appearing for Appellee: | John D. Kimball, Kate B. Belmont, *of counsel*, Blank Rome LLP, New York, NY |

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Fourth-party plaintiff-appellant Bernuth Lines Ltd. ("Bernuth") appeals from the district court's June 28, 2012 judgment dismissing the claims against fourth-party defendant-appellee Brise Bereederungs GmBH & Co. KG ("Brise") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The district court had granted Brise's motion to dismiss in a March 28, 2012 order, due to appellant's failure to allege Brise had the requisite minimum contacts with the United States required under Rule 4(k)(2). A final judgment in favor of Brise was entered at the direction of the district court, after it certified under Rule 54(b) that there was no just reason to delay. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's dismissal of an action for want of personal jurisdiction *de novo* . . . ." *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). "In order to survive a motion to dismiss for lack of personal jurisdiction, [the] plaintiff must make a prima facie showing that jurisdiction exists." *Id*. at 34–35 (internal quotation marks omitted). In this case, the relevant jurisdictional statute is Federal Rule of Civil Procedure 4(k)(2), which provides for personal jurisdiction in a case (1) "aris[ing] under federal law," (2) where a defendant is not subject to the general jurisdiction of any one state, and (3) where "exercising jurisdiction [would be] consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). A suit relying on maritime law is a claim that "arises under federal law" for the purposes of Rule 4(k)(2). *Porina v. Marward Shipping Co. Ltd*, 521 F.3d 122, 127 (2d Cir. 2008).

To satisfy the third requirement, the plaintiff must show that the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Sufficient contacts may be established under specific jurisdiction or under the "more stringent [general jurisdiction] minimum contacts test." *Porina*, 521 F.3d at 128 (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp*., 84 F.3d 560, 567-68 (2d Cir. 1996)). A court's general jurisdiction over a non-resident, is based on a defendant's business contacts with the forum, and "permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts," *Metro. Life*, 84 F.3d at 568, as long as the business contacts are "continuous and systematic" enough to find that a defendant "*purposefully* avail[ed] itself of the privilege of conducting activities within the forum." *Porina*, 521 F.3d at 128 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (emphasis added)). If the Court determines that a defendant lacks the requisite minimum contacts for general jurisdiction, it need not consider the second prong of the due

2

process test to determine whether the exercise of jurisdiction would be reasonable under the particular circumstances of the case. *Metro. Life*, 84 F.3d at 568.

Appellant Bernuth acknowledged it must satisfy the latter, more stringent test for general jurisdiction but alleged it had satisfied that test by showing that Brise had continuous and systematic general business contacts with the United States. The contacts included (1) serving as an ISM safety manager of vessels; (2) making routine trips to the United States over the last several years; (3) the fact that charter negotiations for M/V Angeln were conducted with the involvement of a U.S.-based charter broker; and (4) purchasing goods and services in the United States. Appellant's Br. at 19-29.

The district court correctly concluded that these factors do not demonstrate that Brise "*purposefully* availed itself." Dist. Ct. Op. at 9-10 (citing *Porina*, 521 F.3d at 128). Here, as in *Porina*, the visits made to the United States ports by Brise-managed vessels were done at the direction of the ship's charterers. In *Porina*, this Court found "unilateral activities of third parties -- [including] charterers -- cannot, in themselves satisfy the requirement of contact with the forum." *Porina*, 521 F.3d at 128. Similarly, as in *Porina*, much of Brise's supposed sales and purchases within the United States were made at the direction of the charterers, which cannot establish jurisdiction. Regardless, these contacts also failed to be continuous and systematic enough to amount to general jurisdiction. Additionally, Brise did not "purposefully avail" itself of doing business in the United States by serving as ISM manager and ensuring compliance with a U.S. safety code mandated by an international treaty, given that Brise could perform this task without any of its vessels entering the United States.

Plaintiff also argues that the district court erred in failing to allow additional jurisdictional discovery. We do not agree. We review a district court's denial of additional jurisdictional discovery for abuse of discretion. *First City, Texas–Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 175 (2d Cir. 1998). Declining to permit jurisdictional discovery is well within a district court's discretion if "the plaintiff ha[s] not made out a prima facie case for jurisdiction." *Best Van Lines Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007). Since we agree with the district court that there was no prima facie case for jurisdiction, we also find that the district court did not err in declining to allow Bernuth to engage in jurisdictional discovery.

Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*Catherine O'Hagan Wolfe*

3